DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Charles Gordon, appeals from his sentencing in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} March 18, 2004, Appellant pled guilty to possession of cocaine, in violation of R.C. 2925.11(A), a felony of the fifth degree. See Summit Cty. CR 2004-01-0291. At the sentencing hearing, the trial court sentenced Appellant to two years of community control. The trial court placed numerous conditions on Appellant's conduct including a condition that he spend ninety days in the Oriana House.
 {¶ 3} While on community control, Appellant was indicted on one count of possession of cocaine, in violation of R.C.2925.11(A), a felony of the fifth degree; one count of possession of marijuana, in violation of R.C. 2925.11(A), a minor misdemeanor; and driving under suspension, in violation of R.C.4510.11, a misdemeanor of the first degree. See Summit Cty. CR 2005-01-0256. On February 15, 2005, Appellant pled guilty to the possession of cocaine and driving under suspension charges. He also pled guilty to a probation violation on Case No. CR 2004-01-0291. The trial court set sentencing on both cases for March 15, 2005.
 {¶ 4} The trial court sentenced Appellant to one-year incarceration but ordered that he not be sent to a penal institution. Instead, the court ordered Appellant to complete three years of community control for punishment of the possession of cocaine charge and sentenced him to ninety days in jail on the driving under suspension charge. The court then suspended his jail sentence based on numerous conditions including that he complete the community based correctional facility program operated by Oriana House. In addition, the court ordered that Appellant participate in aftercare counseling. The trial court specifically informed Appellant that if he violated any one of the conditions while on probation, he would then be sentenced to one-year incarceration.
 {¶ 5} On October 25, 2005, Appellant was charged with a probation violation for using marijuana and failing to successfully complete the community based correctional facility program. On November 8, 2005, Appellant pled guilty to the community control violation in CR 2005-01-0256. The trial court sentenced Appellant to one-year incarceration for punishment of the possession of cocaine charge and ninety days incarceration for the driving under suspension charge. The trial court ordered that these sentences be served concurrently with each other and consecutive to the sentence imposed in Case No. CR 2004-01-0291.
 {¶ 6} At this time, Appellant also pled guilty to the community control violation in Case No. CR 2004-01-0291. The trial court sentenced Appellant to one-year incarceration for punishment of the possession of cocaine charge but ordered that the sentence be served concurrently with the sentence imposed in Case No. CR 2005-01-0256 for a total sentence of one-year incarceration. Appellant timely appealed his conviction, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED BY SENTENCING [APPELLANT] TO THE LONGEST PRISON TERM AUTHORIZED UPON EACH OF [APPELLANT'S] TWO CONVICTIONS FOR VIOLATING THE CONDITIONS OF HIS COMMUNITY CONTROL SANCTION, WITHOUT MAKING THE FINDING REQUIRED BY R.C. 2929.14(C) AT THE SENTENCING HEARING AS REQUIRED BY R.C. 2929.14(B)(2)(d)."
 {¶ 7} In his sole assignment of error, Appellant contends that the trial court erred by failing to make the requisite findings to sentence him to the maximum one-year sentence on each of his two convictions for violating the conditions of his community control sanction. Appellant additionally contends that the facts on which his community control sanction were based are not legally sufficient to support such a finding. We find that Appellant's assignment of error lacks merit.
 {¶ 8} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Court agreed with the defendants' arguments that Ohio's sentencing structure violated the Sixth Amendment to the extent that it required judicial fact-finding. Id. at paragraphs one through seven of the syllabus. In constructing a remedy, theFoster court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute. Id.
 {¶ 9} In a companion case, State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, the Court clarified that the only statutory findings that a trial court is now required to make are the findings required for a downward departure from a presumptive jail term. Id. at paragraph one of the syllabus. Appellant was sentenced to the maximum one-year sentence for each felony of the fifth degree on two separate cases. Applying Mathis, the trial court below was not obligated to make findings, as it imposed a sentence within the six to twelve month range and did not depart downward from a presumptive jail term. R.C. 2929.14(A)(5). Further, the Foster Court excised R.C. 2953.08(G), which permitted an appellate court to remand matters in order for the trial court to make statutory findings. Foster at ¶ 97. Consequently, Appellant may not premise error on the alleged procedural deficiencies of the trial court's sentencing entry.
 {¶ 10} We note that on appeal Appellant has not challenged the constitutionality of the imposition of his sentence. Accordingly, we decline to sua sponte remand on grounds not argued by Appellant. State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, at ¶ 24.
 {¶ 11} Appellant additionally contends that the trial court improperly sentenced him to one year in prison.[1] We find no merit in this contention. Appellant was convicted of two charges of possession of cocaine. The terms of his community control in both cases required, among other conditions, that he refrain from using or possessing non-prescribed drugs and that he successfully complete the community based correctional facility program operated by Oriana House.
 {¶ 12} This Court reviews Appellant's sentence utilizing an abuse of discretion standard. State v. Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 12. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 13} We begin by noting that in the trial court's journal entry it specifically stated that it had considered the purposes of sentencing under R.C. 2929.11. The Foster Court noted that "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to `consider' the statutory factors." Foster at ¶ 42. Therefore, post-Foster,
trial courts are still required to consider the general guidance factors in their sentencing decisions.
 {¶ 14} R.C. 2929.11 provides in pertinent part as follows:
"(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
"(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 15} In addition, R.C. 2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." As Appellant was convicted under the latter provision, the trial court was permitted to sentence Appellant anywhere within the six to twelve month range for a fifth degree felony. R.C. 2929.14(A)(5). At Appellant's sentencing hearing, the trial court noted that Appellant had used marijuana, failed to appear for transitional services and failed to appear in court on three occasions.
 {¶ 16} Based upon the above, we cannot say that the trial court acted in an unreasonable or arbitrary manner in imposing the maximum sentence. The trial court had placed Appellant on community control instead of sentencing him to incarceration, but Appellant continued to abuse drugs as reflected by the additional cocaine charge and his positive test for marijuana on April 6, 2005. Furthermore, Appellant failed to submit to appropriate drug testing and failed to complete the required drug program. We find no abuse of discretion in the trial court's decision to sentence Appellant to the one-year maximum sentence as this sentence reflects the court's desire to deter Appellant from committing further drug offenses. See R.C. 2929.11. Appellant's sole assignment of error is overruled.
 III. {¶ 17} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Boyle, J. concur.
[1] On appeal, Appellant is only challenging his sentences on the possession of cocaine convictions.