DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Carlos Havergne, Jr., appeals his sentence imposed by the Medina County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On December 30, 2004, Appellant was indicted on one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree. On March 7, 2005, pursuant to a plea bargain, Appellant pled guilty to one count of burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree. The trial court accepted Appellant's plea, sentenced him to two years of community control sanctions and 180 days in Medina County Jail, and granted him credit for 167 days served. Appellant, therefore, was released from jail 13 days later.
 {¶ 3} Appellant was arrested on June 4, 2005, the day he was released from jail. Appellant was arrested for domestic violence and criminal trespass, but the charges were unrelated to one another. As a result of the charges, a probation violation was filed on June 7, 2005. Initially, Appellant denied the probation violation and his pending charges went to trial. On August, 22, 2005, a jury found Appellant not guilty of domestic violence. On September 8, 2005, however, Appellant was found guilty of criminal trespass. Thereafter, on September 12, 2005, Appellant admitted to a probation violation and the matter proceeded immediately to sentencing. The trial court sentenced Appellant to two years incarceration for the probation violation. Appellant timely appealed his sentence, raising three assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN SENTENCING [APPELLANT] TO GREATER THAN THE SHORTEST PRISON TERM AUTHORIZED FOR OFFENSES IN CONTRADICTION OF R.C. § 2929.14(B)."
 {¶ 4} In his first assignment of error, Appellant argues that the trial court erred by failing to make one of the requisite findings under R.C. 2929.14(B) for imposing a non-minimum sentence. We disagree.
 {¶ 5} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found that Ohio's sentencing structure was unconstitutional to the extent that it required judicial fact finding. Id. at paragraphs one through seven of the syllabus. "In constructing a remedy, the Foster court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute." State v. Gordon, 9th Dist. No. 23009,2006-Ohio-2973, at ¶ 8, citing Foster, supra. Accordingly, Appellant may not premise error upon the failure of the trial court to make certain findings which are no longer required by statute. State v. Dudokovich, 9th Dist. No. 05CA008729,2006-Ohio-1309, at ¶ 20. As Appellant's sole contention in his first assignment of error asserts that the trial court failed to make the excised statutory findings, his first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT'S DECISION WAS CONTRARY TO LAW AS THERE IS [NO] INDICATION THAT THE TRIAL COURT CONSIDERED THE MINIMUM PRISON TERM OR THAT THE FACTORS FOUND IN R.C. § 2929.12 SUPPORT A PRISON TERM BEING IMPOSED."
 {¶ 6} In his second assignment of error, Appellant asserts that the trial court erred when it failed to take into account the presumption of a minimum prison term and that the court erred because Appellant's sentence is unsupported by the facts. We disagree.
 {¶ 7} As noted above, Foster excised R.C. 2929.14(B). Accordingly, there no longer exists a presumption that a defendant will receive a minimum sentence. Foster at ¶ 99. "After the severance, judicial fact-finding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id. As the trial court is no longer required to begin its analysis with a presumptive minimum, Appellant cannot claim error in its failure to do so.
 {¶ 8} Appellant also asserts that the trial court's sentence is unsupported by the facts. We disagree.
 {¶ 9} Foster altered this Court's standard of review which was previously a clear and convincing error standard. State v.Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 11. Accordingly, this Court reviews Appellant's sentence utilizing an abuse of discretion standard. Id. at ¶ 12. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 10} The Foster Court noted that "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to `consider' the statutory factors." Foster at ¶ 42. Therefore, post-Foster, trial courts are still required to consider the general guidance factors contained in R.C. 2929.11
and R.C. 2929.12 in their sentencing decisions. A review of the record indicates that the trial court's decision to impose more than the minimum sentence took into account those statutory factors.
 {¶ 11} Appellant admitted to violating the probation terms of his conviction for burglary, a third degree felony. Accordingly, the trial court was permitted to sentence Appellant anywhere from one to five years incarceration. R.C. 2929.14(A)(3). The trial court determined that two years was the appropriate sanction for Appellant's conduct. We find no abuse of discretion in that determination.
 {¶ 12} In support of his argument, Appellant asserts as follows:
"[N]othing in the record indicates that the trial court considered recidivism factors in this case. As well, the record provides no indication as to why the trial court concluded that a prison sentence, rather than a community control sanction, achieves the purposes and principles of the sentencing statute."
Appellant's arguments, however, ignore the rationale given by the trial court during his sentencing hearing.
 {¶ 13} At Appellant's sentencing hearing, the court initially noted that while Appellant's original conviction for burglary was a third-degree felony, he was initially charged with a second-degree felony and pled down to a lesser charge. The court noted:
"The original charge — Felony II — * * * two years in prison is usually what occurs on offenses like that."
The trial court continued:
"Literally on the day that you are released, literally on that day, you go and commit another offense. I don't understand that. That's the part that's troubling me. I would have thought that had you been facing a five-year prison sentence, it would take at least more than one day after you were released to commit another offense."
The court later concluded that "it's pretty clear to me that [Appellant] doesn't take probation seriously."
 {¶ 14} Based upon the record before this Court, we cannot say that the trial court failed to take into account the recidivism risk that Appellant posed; nor can we conclude that the trial court failed to consider a community control sanction. As noted by the trial court, after receiving probation for a third-degree felony, Appellant committed criminal trespass the day he was released. We agree with the trial court's determination that such an immediate infraction demonstrates that a community control sanction would not achieve the goals of felony sentencing, i.e., to protect the public from future crime. R.C. 2929.11(A). Further, the fact that Appellant committed a crime on the day he was released from jail serves to bolster a determination that prison time was necessary due to Appellant's demonstrated risk of recidivism. Accordingly, we cannot say that the trial court abused its discretion when it imposed a two-year sentence of incarceration on Appellant. Appellant's second assignment of error, therefore, is overruled.
 ASSIGNMENT OF ERROR III
"UNDER THE UNITED STATES SUPREME COURT'S DECISION IN BLAKELY V. WASHINGTON, (2004) 542 U.S. 296, 124 S.CT. 2531, 159 L.ED. 2D 403, THE TRIAL COURT ERRED BY IMPOSING A NONMINIMUM PRISON TERM WHEN THE ADDITIONAL FINDINGS NECESSARY TO IMPOSE THAT TERM WERE NOT FOUND BY A JURY OR ADMITTED BY THE [APPELLANT]."
 {¶ 15} In his third assignment of error, Appellant contends that the trial court erred in engaging in unconstitutional fact-finding when it imposed more than the minimum sentence upon him. This Court disagrees.
 {¶ 16} Initially, we note that the Foster Court found R.C.2929.14(B) unconstitutional and excised it from Ohio's sentencing guidelines. Foster, supra, at paragraphs one and two of the syllabus. Furthermore, Foster held that defendants with cases pending on direct review who were sentenced to more than the minimum sentence under R.C. 2929.14(B) were entitled to a new sentencing hearing. Id. at ¶ 104-105.
 {¶ 17} However, in Dudukovich, supra, this Court found that a defendant was required to specifically object to the constitutionality of his sentence in order to preserve theFoster issue for review. Dudukovich at ¶ 23-24. Herein, Appellant failed to object to the imposition of his sentence on any grounds. Accordingly, Appellant has not preserved the issue for review. Id. at ¶ 24. Appellant's third assignment of error is overruled.
 III. {¶ 18} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, P.J., Carr, J., concur.