DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Brian J. Stewart, appeals from his sentencing in the Medina County Court of Common Pleas, for two counts of felonious assault, felonies of the second degree. We affirm.
 I. {¶ 2} Appellant was charged with one count of kidnapping, a felony of the first degree, in violation of R.C. 2905.01, and two counts of felonious assault, felonies of the second degree, in violation of R.C. 2903.11. On March 7, 2005, Appellant's fiancée broke off their engagement. Appellant went to the home of his fiancée's brother-in-law and, finding her there, threatened to hurt himself with a knife if she did not resume the engagement. After a long discussion, he attacked both his fiancée and her brother-in-law with a knife. Appellant entered a plea of not guilty by reason of insanity, and a psychological evaluation was ordered. The results of that evaluation and a subsequent independent psychological evaluation requested by Appellant both showed that Appellant was aware of the wrongfulness of his acts at the time of the offenses. Appellant changed his plea to not guilty on all counts. As a result of a plea agreement, Appellant later pled guilty to the two felonious assault charges, while the kidnapping charge was dismissed.
 {¶ 3} Appellant was sentenced to six years in prison for each count, with the two sentences to be served consecutively. Appellant filed this appeal, raising two assignments of error.
 II. A. First Assignment of Error
"THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT TO CONSECUTIVE PRISON TERMS."
 {¶ 4} After briefs were filed in this case, the Supreme Court of Ohio decided State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. The Foster Court found that Ohio's sentencing structure, as it then existed, was unconstitutional because it essentially required the judge to make findings of fact when sentencing a defendant, thereby depriving the defendant of the right to a trial by jury. Id. at ¶ 83; see, also, Blakely v.Washington (2004), 542 U.S. 296. However, the Foster Court also held that the unconstitutional provisions of Ohio's sentencing statutes were severable from the statute's other provisions and that without the unconstitutional provisions, the remainder of the statute, standing alone, would give trial judges full discretion over sentencing and eliminate the need for the judge to articulate specific sentencing factors in rendering a sentence. Foster at ¶ 99-100. "Accordingly, Appellant may not premise error upon the failure of the trial court to make certain findings which are no longer required by statute." State v.Havergne, 9th Dist. No. 05CA0095-M, 2006-Ohio-4412, at ¶ 5, citing State v. Dudokovich, 9th Dist. No. 05CA008729,2006-Ohio-1309, at ¶ 20.
 {¶ 5} In light of the Foster decision, we review a judge's sentencing decisions for an abuse of discretion. Havergne at ¶ 9. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd (1993),66 Ohio St.3d 619, 621.
 {¶ 6} Appellant in this case argues that the trial judge used faulty facts to impose sentencing. The trial judge stated that the two assaults were "directed against two victims in two separate ways," and that the acts therefore amounted to two different crimes. Appellant contends that "[t]he crimes were committed as part of a continuous course of criminal conduct" and that the trial judge therefore had no basis to impose consecutive sentences under R.C. 2929.14(E)(4)(b). In Foster, however, the Ohio Supreme Court held R.C. 2929.14(E)(4) to be unconstitutional, excised it, and determined that it was severable. Foster at paragraphs three and four of the syllabus. Consequently, a judge is no longer required under R.C.2929.14(E)(4) to make any particular finding before imposing consecutive sentences. Id. at paragraph four of the syllabus.
 {¶ 7} At the sentencing hearing in this case, the trial court indicated that consecutive sentences would be necessary to protect the public and punish Appellant, particularly given the serious nature of Appellant's conduct. We cannot say that the trial court abused its discretion in making this determination. Appellant's first assignment of error is overruled.
 B. Second Assignment of Error
"THE TRIAL COURT ERRED BY SENTENCING THE DEFENDANT TO TWO CONSECUTIVE SIX YEAR TERMS FOR A FELONY OF THE SECOND DEGREE."
 {¶ 8} Appellant next argues that because he has never been to prison and the presentence investigation lists him as only a medium risk with medium needs, it was inappropriate for the judge to sentence him to two consecutive six year prison terms. As is the case with a trial court's decision to impose consecutive sentences, Foster has dispensed with the requirement under R.C.2929.14(B) that the court articulate reasons for imposing a sentence greater than the minimum sentence, leaving that aspect of sentencing to the judge's sound discretion. Foster at ¶ 97. Appellant has not otherwise explained why his sentence would be contrary to law or how the record fails to support the sentence. See R.C. 2953.08(G)(2). Nor do we find any abuse of discretion in the Court's decision to impose a six year sentence for each count, where the maximum would be eight years. R.C.2929.14(A)(2). In light of Appellant's history of criminal convictions, the particularly disturbing circumstances of the crime, and the testimony of Appellant's former fiancée as to the emotional toll that the crimes have taken on her, we believe it was reasonable for the trial court to impose a six year prison sentence on each count.
 {¶ 9} Appellant further argues that the trial court erred in allowing one of the victim's parents to testify at the sentencing hearing, which is outside the scope of testimony permitted at a sentencing hearing under R.C. 2947.051. There is no indication on the record, however, that the trial court took this testimony into consideration when rendering Appellant's sentence. Because we must presume the regularity of the proceedings absent evidence to the contrary, we presume that the statements of the victim's parents, if impermissible, were not taken into consideration and therefore did not result in prejudicial error. See State v.Sawyer, 9th Dist. No. 05CA0089-M, 2006-Ohio-4308, at ¶ 9. Accordingly, Appellant's second assignment of error is overruled.
 III. {¶ 10} Both assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, P.J. Carr, J. concur.