OPINION
{¶ 1} Defendant-appellant, Hector Alvarez, appeals his convictions and sentence in the Butler County Court of Common Pleas for trafficking in cocaine and possession of cocaine. We affirm the decision of the trial court.
 {¶ 2} Appellant was arrested on March 21, 2002 after police found two pounds of cocaine in his vehicle. Appellant was initially indicted for three counts: trafficking in cocaine, possession of cocaine, and driving without a motor vehicle operator's license.
 {¶ 3} On May 16, 2002, appellant signed a written waiver of his right to a speedy trial. Then, on November 6, 2002, the state moved to amend the subsection of the statute charged in the indictment for the crime of trafficking in cocaine. The subsection in the indictment was amended from R.C. 2925.03(A)(1), which prohibits the sale or offer to sell a controlled substance, to R.C. 2925.03(A)(2), which prohibits the shipment, delivery, or distribution of a controlled substance intended for sale or resale by the offender or another person.
 {¶ 4} During a December 20, 2002 plea hearing, appellant executed a jury waiver form and pled guilty to trafficking in cocaine and possession of cocaine. On February 12, 2003, appellant was sentenced to serve four years concurrently for each of the convictions, in accordance with his plea agreement. Judgment of conviction was entered on May 20, 2003. Appellant appeals his trafficking conviction and sentence raising two assignments of error:
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "Defendant-appellant's statutory and Constitutional Rights to a speedy trial were violated by his conviction under count one of the indictment."
 {¶ 7} Appellant argues that when a charge is amended to allege a new offense based on the identical facts as the original charge, "the speedy trial time relates back to the date of the original charge and any time which was waived or tolled under the original charge is not tolled or waived under the amended charge." Appellant contends that his trial counsel was ineffective for failing to move for a dismissal as the state failed to conduct a trial within the requisite time period.
 {¶ 8} In determining whether an accused received ineffective assistance of counsel, a reviewing court must determine whether counsel's performance fell below an objective standard of reasonable professional competence, and if so, whether there is a reasonable probability that counsel's unprofessional error affected the outcome of the proceedings. Strickland v.Washington (1989), 466 U.S. 668, 690-691, 104 S.Ct. 2052, 2066.
 {¶ 9} On May 16, 2002, appellant executed a written speedy trial waiver after he was originally charged with trafficking in cocaine. On December 20, 2002, appellant then pled guilty to the amended charge of trafficking in cocaine. Appellant is not claiming that his plea was not knowingly, voluntarily and intelligently made.
 {¶ 10} The state responds to appellant's argument by indicating that appellant chose to enter a guilty plea to the amended trafficking charge. In doing so, the state asserts that appellant waived his right to assert on appeal that his speedy trial rights were violated. We agree with the state.
 {¶ 11} Nevertheless, appellant argues his right to a speedy trial was violated because the charge was amended to allege a new offense, citing State v. Adams (1989), 43 Ohio St.3d 67, 68-69. The Ohio Supreme Court held in Adams that "when new and additional charges arise from the same facts as the original charge and the state knew of those facts at the time of the initial indictment, the time within which trial must begin on the additional charges is subject to the same statutory limitations period that applied to the original charge." Further, the accused's waiver of his speedy-trial rights as to the initial charge "is not applicable to additional charges filed after the waiver arising from the same set of circumstances." Id. at syllabus.
 {¶ 12} However, a distinction exists between an additional charge based on the same facts and circumstances as the original charge and an amendment to the original charge. An additional charge creates an additional burden on the defendant's liberty interests. State v. Butt (Aug. 29, 1997), Montgomery App. No. 16215, at *2. Therefore, the speedy-trial requirements applicable to the additional charge must commence with the defendant's arrest, and the waivers and extensions chargeable to the defendant with respect to the original charge cannot apply to the additional charge. But, an amendment that does not change the name or identity of the offense creates no additional burden to liberty. State v. Campbell, 150 Ohio App.3d 90, 2002-Ohio-6064, at ¶ 24.
 {¶ 13} So long as the amendment is consistent with Crim.R. 7(D), the speedy trial time waivers and extensions applicable to the original charge apply as well to the amended charge. See id. Crim.R. 7(D) states, in part, that "the trial court may at any time before, during or after a trial amend the indictment * * * provided no change is made in the name or identity of the crime charged." It is well-established that the provision of Crim.R. 7(D) is for the protection of the defendant, who can waive it.State v. Cook (1987), 35 Ohio App.3d 20, 23.
 {¶ 14} Appellant waived any error by not objecting at the time of the amendment. Brooklyn v. Ritter (Aug. 17, 2000), Cuyahoga App. No. 76979, at *2. Furthermore, appellant cannot show any prejudice, because defense counsel specifically stated that, "I researched the prosecutor's right to amend the indictment as a matter of law and was confident that they did have it right. * * * I explained to Mr. Alvarez, and shortly thereafter, so this is not a surprise or in any way news to us. And we are willing to accept an amended indictment * * * It did not change the nature of the offense."
 {¶ 15} The trial court merely amended the original charge; it did not create an additional charge. The amendment did not change the name or identity of the offense. Appellant's counsel admitted that the amendment "did not change the nature of the offense." Therefore, the speedy-trial waiver applicable to the original charge applied as well to the amended charge. Campbell,
2002-Ohio-6064, at ¶ 24.
 {¶ 16} Because the speedy-trial waiver applied to the amended charge, appellant's trial counsel did not violate any substantial duty in failing to make a futile motion to dismiss the trafficking in cocaine charge based on a speedy trial violation; therefore, counsel cannot be deemed ineffective on this ground. See State v. Thompson (1988), 46 Ohio App.3d 157. Consequently, appellant received effective assistance of counsel and his right to a speedy trial was not violated. Therefore, the first assignment of error is overruled.
 {¶ 17} Assignment of Error No. 2:
 {¶ 18} "The trial court erred in imposing sentence on both counts one and two of the indictment where said counts were allied offenses of similar import."
 {¶ 19} Appellant argues that merger of allied offenses of similar import is required unless the offenses are committed separately or with a separate animus. Appellant maintains that the trial court erred in sentencing him for both trafficking in cocaine and possession of cocaine.
 {¶ 20} R.C. 2941.25, Ohio's allied offense statute, protects against multiple punishments for the same criminal conduct, which could violate the Double Jeopardy Clauses of the United States and Ohio Constitutions. R.C. 2941.25 provides, as follows:
 {¶ 21} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 22} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where this conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 23} In State v. Rance, 85 Ohio St.3d 632, 638,1999-Ohio-291, the Supreme Court of Ohio clarified the R.C.2941.25(A) analysis and determined that the statutorily defined elements of offenses are compared in the abstract to determine if they correspond to such a degree that the commission of one crime will result in the commission of the other crime. If the elements so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with a separate animus.
 {¶ 24} Appellant pled guilty to trafficking in cocaine. R.C.2925.03(A)(2) defines trafficking and provides, as follows:
 {¶ 25} "(A) No person shall knowingly do any of the following:
 {¶ 26} "* * *;
 {¶ 27} "(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 28} Appellant also pled guilty to possession of cocaine. Possession is defined in R.C. 2925.11(A) and provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 29} In comparing these statutorily defined elements, they do not correspond to such a degree that the commission of one crime will result in the commission of the other crime. It is possible to obtain, possess, or use a controlled substance without preparing it for shipment, shipping, transporting, delivering, preparing for distribution, or distributing it. It is also possible to sell or offer to sell cocaine without possessing it, e.g., when one serves as a middleman. Since the elements of the offenses do not correspond to such a degree that the commission of one crime will result in the commission of the other, trafficking in cocaine and possession of cocaine are not allied offenses and the trial court did not err in sentencing appellant for both. See State v. Gonzales, 151 Ohio App.3d 160,174, 2002-Ohio-4937, at ¶ 37. Therefore, appellant's second assignment of error is overruled.
 {¶ 30} Judgment affirmed.
Young, P.J., and Powell, J., concur.