DECISION AND JOURNAL ENTRY {¶ 1} Appellant, Christopher S. Porosky, appeals from his sentence in the Summit County Court of Common Pleas. We affirm.
 I. {¶ 2} On April 30, 2004, the Summit County Grand Jury indicted Mr. Porosky on six counts of breaking and entering, in violation of R.C.2911.13(A), fifth degree felonies; three counts of vandalism, in violation of R.C. 2909.05(B)(1)(a), third degree felonies; and three counts of petty theft, in violation of R.C. 2913.02(A)(1), first degree misdemeanors. All these charges stemmed from offenses alleged to have been committed at the Queen of Heaven Church in Uniontown, Ohio. Mr. Porosky pled not guilty to these charges.
 {¶ 3} On June 18, 2004, the State filed a supplemental bill of information charging Mr. Porosky with four additional counts for offenses that did not involve the church, as follows: one count of burglary, in violation of R.C. 2911.12(A)(2), a second degree felony; one count of grand theft, in violation of R.C. 2913.02(A)(1), a fourth degree felony; one count of petty theft, in violation of R.C. 2913.02(A)(1), a first degree misdemeanor; and one count of criminal damaging and endangering, in violation of R.C. 2909.06(A)(1), a second degree misdemeanor.
 {¶ 4} Thereafter, Mr. Porosky retracted his formerly entered not guilty plea, and pled guilty to the three counts of breaking and entering and one count of vandalism as contained in the initial indictment; and pled guilty to one count of breaking and entering and one count of grand theft as contained in the supplemental bill of information. The remaining charges were dismissed.
 {¶ 5} Thereafter, the trial court sentenced Mr. Porosky to one year on each of the four counts of breaking and entering, one year for vandalism, and one year for grand theft. The court ordered that the one-year sentences for breaking and entering and the one-year sentence for vandalism be served consecutively with one another, but that the one-year sentence for grand theft be served concurrently, for a total of five years incarceration.
 {¶ 6} Mr. Porosky timely appealed, asserting one assignment of error for review.
 II. Assignment of Error
"Appellant's sentence was unconstitutional and contrary to law, and he should therefore be resentenced."
 {¶ 7} In his sole assignment of error, Mr. Porosky contends that his sentence should be reversed and the case remanded to the trial court for resentencing, asserting that the trial court's imposition of the sentence was unconstitutional and contrary to law.
 {¶ 8} Mr. Porosky argues that the trial court's imposition of nonminimum, consecutive sentences constituted a violation of his Sixth Amendment right to a trial by jury, and that pursuant to the United States Supreme Court's decision in Blakely v. Washington (2004), ___ U.S. ___, 159 L.Ed.2d 403, his sentence is unconstitutional. However, we agree with the State that Mr. Porosky raises this constitutional argument for the first time on appeal and therefore has waived this challenge. Generally, an appellant's failure to raise a constitutional argument to the trial court constitutes a waiver of that issue for the purposes of an appeal. State v. White (June 16, 1999), 9th Dist. No. 19040, at *13; Statev. Awan (1986), 22 Ohio St.3d 120, syllabus. Therefore, Mr. Porosky has waived this argument and cannot raise it now on appeal.
 {¶ 9} Mr. Porosky also raises a non-constitutional challenge to his sentence. Mr. Porosky does not argue a procedural deficiency in the trial court's sentencing at the hearing, i.e., that the trial court failed to make the requisite findings on the record, but simply appears to maintain that the factors existent in his situation do not warrant the sentence imposed. Specifically, Mr. Porosky references the sentencing hearing, contesting the fact that the trial court imposed non-minimum and consecutive sentences upon him when he has never served time in prison prior to these offenses and he expressed remorse for his actions at the sentencing hearing.
 {¶ 10} However, Mr. Porosky has ignored the reasons given that support the imposition of his sentence. The trial court discussed Mr. Porosky's lengthy criminal history on the record. Furthermore, the trial court discussed in great detail the physical and psychological harm caused by Mr. Porosky's crime. As such, this Court cannot find clearly and convincingly that the record does not support the trial court's sentence. See R.C. 2953.08(G)(2)(a). Accordingly, Mr. Porosky's sole assignment of error is overruled.
 III. {¶ 11} Mr. Porosky's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Moore, J., concur.