DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Nickolas Dudukovich, appeals the decision of the Lorain County Court of Common Pleas sentencing him to a prison term of 31 years. We affirm.
 {¶ 2} Defendant was indicted on July 14, 2004 for two counts of Rape in violation of R.C. 2907.02(A)(2) with a sexually violent predator specification attached to each count of rape, and one count of Gross Sexual Imposition, in violation of R.C.2907.05(A)(4).
 {¶ 3} A superseding indictment was issued on August 12, 2004, charging Defendant with one count of Rape, in violation of R.C. 2908.02(A)(1)(b), with firearm and sexually violent predator specifications, four additional counts of Rape in violation of R.C. 2908.02(A)(1)(b), with sexually violent predator specifications, six counts of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(4), with sexually violent predator specifications, and one count of Gross Sexual Imposition, a violation of R.C. 2907.05(A)(1).
 {¶ 4} The trial court on February 18, 2005, dismissed the sexually violent predator specifications. On March 31, 2005, a superseding indictment was issued charging Defendant with one count of Rape, a violation of R.C. 2907.02(A)(2), with a firearm specification.
 {¶ 5} The matter proceeded to a jury trial on April 19, 2005. On April 22, 2005, the jury returned a guilty verdict as to counts one through seven, nine, ten and twelve of the indictment. Defendant was sentenced on April 25, 2005 to a term of ten years in prison on counts one through five, five years in prison on counts six and seven, five years for counts nine and ten, and one year on count twelve. A one year prison term was imposed on the firearm specification and on the same day, Defendant was classified as an aggravated sexually oriented offender. The trial court directed that the prison term given for count two was to be served consecutively to the term imposed in count one, and that the term for count three was to be served consecutively to the prison term for count two. The remaining counts were to be served concurrently, for a total prison term of 31 years.
 {¶ 6} Defendant now appeals, asserting three assignments of error for our review. To facilitate ease of discussion, we will consider Defendant's second and third assignments of error together.
 ASSIGNMENT OF ERROR I
"The trial court deprived [Defendant] of his statutory right to a speedy trial and committed prejudicial error by overruling [Defendant's] motion to dismiss count one of the indictment, when count one was based upon facts known to the State at the time of [Defendant's] arrest, but was not charged until after [Defendant] had been awaiting trial, incarcerated without bond, for more than ninety days."
 {¶ 7} In his first assignment of error, Defendant argues that the trial court deprived him of his right to a speedy trial and committed prejudicial error by overruling his motion to dismiss count one of the indictment.
 {¶ 8} While Defendant has argued that the trial court erred in overruling his motion to dismiss, he failed to include a transcript of the hearing on his motion to dismiss. Our review is limited to the record before us as provided by Defendant, who bears the duty of providing all transcripts necessary for full appellate review. State v. Burt, 9th Dist. No. 20960, 2003-Ohio-4265, at ¶ 8.
"When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199.
 {¶ 9} As Defendant has not included a transcript of the proceedings, we have no choice but to presume the validity of the trial court's ruling and affirm its decision denying Defendant's motion to dismiss.
 {¶ 10} Notwithstanding the fact that we have no transcript before us to review, we have taken Defendant's arguments into consideration and find that they lack merit. Defendant argues that speedy trial grounds merit the dismissal of the charge brought in the March 31, 2005 superseding indictment (Count 13). We disagree.
 {¶ 11} A twelve count indictment was issued against Defendant on August 12, 2004. Defendant concedes that he waived his right to a speedy trial on that indictment. The first count in the August, 2004 indictment charged Defendant with "engag[ing] in sexual conduct with [S.B.], who is not the spouse of [Defendant], the said [S.B.] being less than thirteen (13) years of age * * * in violation of [R.C.] 2907.02(A)(1)(b), a Felony [of] the First Degree[.]" On March 31, 2005, the State filed a superseding indictment, charging Defendant with "engag[ing] in sexual conduct with [S.B.] who is not the spouse of [Defendant], having purposely compelled [S.B.] by force or threat of force, in violation of [R.C.] 2907.02(A)(2), a Felony of the First Degree[.]"
 {¶ 12} At issue is whether the March, 2005 indictment amended the original Count 1 of the August, 2004 indictment, or whether the March, 2005 indictment brought a new or additional charge. Crim.R. 7(D) permits a court to amend an indictment "any time before, during, or after a trial * * * in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged." Thus, if Count 13 merely amends Count 1, then no speedy trial issues exist.
 {¶ 13} However, if Count 13 is a new and additional charge, Defendant's "waiver of his speedy-trial rights as to the initial charge [would] not [be] applicable to additional charges filed after the waiver[.]" State v. Alvarez, 12th Dist. No. CA2003-03-067, 2004-Ohio-2483, at ¶ 11, citing State v. Adams
(1989), 43 Ohio St.3d 67, 70.
"[A] distinction exists between an additional charge based on the same facts and circumstances as the original charge and an amendment to the original charge. An additional charge creates an additional burden on the defendant's liberty interests. Therefore, the speedy-trial requirements applicable to the additional charge must commence with the defendant's arrest, and the waivers and extensions chargeable to the defendant with respect to the original charge cannot apply to the additional charge. But, an amendment that does not change the name or identity of the offense creates no additional burden to liberty."Alvarez at ¶ 12. (Internal citations omitted).
 {¶ 14} We find that Count 13 amended Count 1; it did not create any new or additional charges. Both counts were charges for first degree felony rape with the same victim. Both charges were a violation of R.C. 2907.02(A). The only difference between count 13 and count 1 is that count 13 involves force. However, Defendant was on notice from the beginning of the legal proceedings against him as to the force element in the rape of S.B. The original July, 2004 indictment charged Defendant with first degree rape of S.B. with force. Further, the bill of particulars for both the original and the subsequent indictments contained information that the rape offense charged in count 1 was committed by the use of force. The March, 2005 amendment simply permitted the indictment to correspond to the information provided to Defendant in the bill of particulars.
 {¶ 15} Defendant went to trial on a total of 12 counts, not 13, which further demonstrates that count 13 only amended the original count 1. As Defendant went to trial on only 12, and not 13 counts, and as the superseding indictment neither created a new charge nor changed the name or identity of the offense, we find that the trial court merely amended the original charge.
 {¶ 16} Our review of a trial court's decision to permit the amendment of an indictment is under an abuse of discretion standard. State v. Beach, 148 Ohio App.3d 181, 2002-Ohio-2759, at ¶ 23. "To constitute reversible error, [Defendant] must show not only that the trial court abused its discretion, but that the amendment prejudiced his defense." Id. We find no evidence that the trial court abused its discretion when it permitted the indictment to be amended. Furthermore, Defendant has presented no evidence that the amendment to the indictment prejudiced his defense. Accordingly, we overrule Defendant's first assignment of error.
 ASSIGNMENT OF ERROR II
"The trial court committed prejudicial error by sentencing [Defendant] to the maximum sentence of ten years for felonies of the first degree on the basis of facts neither found by the jury in returning its verdict of guilty, nor admitted by [Defendant]"
 ASSIGNMENT OF ERROR III
"The trial court committed prejudicial error by sentencing [Defendant] to consecutive terms of imprisonment without having found the sentencing factors required by R.C. 2929.14(E)(4) and R.C. 2929.19(C)(2) for the imposition of consecutive sentences."
 {¶ 17} In his second and third assignments of error, Defendant claims that the trial court erred by imposing maximum, consecutive sentences upon him in violation of R.C. Chapter 29. We find that Appellant's assignments of error lack merit.
 {¶ 18} Specifically, in his third assignment of error, Defendant contends that the trial court committed error when it failed to make the findings required by statute before imposing consecutive sentences. In his second assignment of error, Appellant contends that the entire sentencing process violated his Sixth Amendment rights. During the pendency of his appeal, the Ohio Supreme Court has issued two decisions which directly impact Appellant's contentions.
 {¶ 19} In State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856, the Court agreed with the defendants' arguments that Ohio's sentencing structure violated the Sixth Amendment to the extent that it required judicial factfinding. Id. at paragraphs one through seven of the syllabus. In constructing a remedy, the Foster court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute. Id.
 {¶ 20} In a companion case, State v. Mathis,
___ Ohio St.3d ___, 2006-Ohio-855, the Court clarified that the only statutory findings that a trial court is now required to make are the findings required for a downward departure from a presumptive jail term. Id. at paragraph one of the syllabus. ApplyingMathis, the trial court was not obligated to make findings, as it did not depart downward. Further, the Foster Court excised R.C. 2953.08(G), which permitted an appellate court to remand matters in order for the trial court to make statutory findings.Foster at ¶ 97. As a result, Defendant may not premise error on the alleged procedural deficiencies of the trial court's sentencing entry.
 {¶ 21} We next address Defendant's constitutional challenge to Ohio's sentencing scheme. There is no question that, afterFoster, Defendant is correct in his assertion that Ohio's sentencing guidelines were unconstitutional. This Court finds, however, that Defendant has not properly preserved his constitutional challenge for appeal.
 {¶ 22} We recognize that the Foster Court explicitly rejected the State's argument regarding waiver, finding as follows:
"Foster could not have relinquished his sentencing objections as a known right when no one could have predicted that Blakely
would extend the Apprendi doctrine to redefine `statutory maximum.'" Foster at ¶ 31.
This Court, however, is not confronted with such a factual scenario. Blakely v. Washington (2004), 542 U.S. 296,159 L.Ed.2d 403, was decided on June 24, 2004. Defendant was sentenced on April 28, 2005. Accordingly, we find that theFoster provision which rejected the State's waiver argument is inapplicable to the instant case.
 {¶ 23} We, however, find guidance from the U.S. Supreme Court's decision in United States v. Booker (2005),543 U.S. 220, 160 L.Ed.2d 621. On a broad level, the Foster decision issued in Ohio followed the "blueprint" laid out in Booker.Foster at ¶ 90. Each Court determined the applicability ofBlakely, ruled sentencing guidelines unconstitutional, and applied a severance remedy. In addition, both Courts explicitly found that their decisions would apply to cases on direct appeal.Foster at ¶ 106; Booker, 543 U.S. at 268. Booker, however, provided guidance to appellate courts faced with applying its decision.
"As these dispositions indicate, we must apply today's holdings — both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act — to all cases on direct review. That fact does not mean that we believe that every sentence gives rise to a Sixth Amendment violation. Nor do we believe that every appeal will lead to a new sentencing hearing. That is because we expect reviewing courts to apply ordinary prudential doctrines, determining, for example, whether theissue was raised below and whether it fails the `plain-error' test." (Emphasis added; internal citations omitted.) Id.
As the Foster Court chose to follow the path laid out byBooker, we are persuaded by the guidance the U.S. Supreme Court provided appellate courts. Accordingly, we proceed to apply our "ordinary prudential doctrines" to determine whether Defendant has preserved his constitutional challenge for review.
 {¶ 24} A review of the record reflects that Defendant never challenged the constitutionality of Ohio's statutes in the trial court. Prior to Foster, this Court held that a defendant must raise the constitutionality of Ohio's sentencing statutes in order to preserve such an argument on appeal. State v. Sauer,
9th Dist. No. 05CA0031-M, 2005-Ohio-4797, at ¶ 7; State v.Porosky, 9th Dist. No. 22283, 2005-Ohio-1278, at ¶ 8. As noted above, Foster has not directed this Court to abandon our ordinary doctrines and the U.S. Supreme Court in Booker
implored appellate courts to continue to follow those doctrines. This Court, therefore, reviews whether Defendant raised a specific challenge to the constitutionality of Ohio's sentencing statutes in the trial court. As Defendant failed to raise any objection below, let alone an objection specifically raising a constitutional challenge, he is precluded from raising such an argument for the first time on appeal. Finally, as Appellant has not alleged that the trial court committed plain error in his sentencing, we decline to address the issue.
 {¶ 25} Defendant's assignments of error are overruled and the judgment of the trial court is affirmed
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, J. Moore, J. concur.