DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Deon Davis has appealed from his sentence imposed by the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} On June 20, 2002, Defendant-Appellant Deon Davis was found guilty on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), a felony of the first degree; and one count of felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree. A firearm specification attached to the aggravated robbery charge pursuant to R.C. 2941.145. On August 10, 2005, this Court reversed Appellant's conviction and remanded for retrial. On January 11, 2006, a jury found Appellant guilty of aggravated robbery, in violation of R.C. 2911.01(A)(1), a felony of the first degree, with a firearm specification, and not guilty of the felonious assault charge.
 {¶ 3} On January 20, 2006, the trial court sentenced Appellant to four years incarceration for the aggravated robbery and to three years for the gun specification, to be served consecutively.
 {¶ 4} Appellant has timely appealed, asserting three assignments of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED WHEN IT IGNORED OR DISCOUNTED APPELLANT'S STATEMENTS OF REMORSE WHEN IT IMPOSED CONSECUTIVE SENTENCE[S] UPON HIM."
 {¶ 5} In his first assignment of error, Appellant has argued that the trial court erred when it sentenced him to seven years incarceration. Specifically, Appellant has argued that the trial court ignored or discounted his statements of remorse, his young age, and his lack of a prior record. We disagree.
 {¶ 6} This Court reviews a trial court's imposition of a sentence for an abuse of discretion. State v. Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 11-12. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 7} After a thorough review of the record, we cannot conclude that the trial court abused its discretion when it sentenced Appellant. Appellant has argued that the trial court ignored or discounted Appellant's statement of remorse contrary to the required considerations of R.C. 2929.12(E)(5). We disagree. While it is true that Appellant apologized for his conduct, it is equally true that the trial court considered Appellant's statement of remorse and found it to be less than genuine. R.C. 2929.12(E)(5) requires only that trial courts "shall consider" an offender's showing of genuine remorse, not that a court must accept such statement as true if one is offered. In the instant matter, the record is clear that the trial court considered Appellant's statement and rejected it, as is within its discretion.
 {¶ 8} Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two
"THE TRIAL COURT ERRED WHEN IT ENGAGED IN JUDICIAL FACT FINDING PRIOR TO SENTENCING THE APPELLANT AS SUCH FINDINGS ARE UNCONSTITUTIONAL."
 {¶ 9} In his second assignment of error, Appellant has argued that the trial court improperly engaged in judicial fact finding prior to sentencing. Specifically, Appellant has argued that the trial court's judicial fact finding for purposes of sentencing was unconstitutional.
 {¶ 10} This Court has held that an appellant, who is sentenced after Blakely v. Washington, waives the constitutional challenge to his sentence if he does not preserve the argument at the trial court level. Specifically, we have stated that:
"[T]he Ohio Supreme Court addressed Ohio sentencing guidelines in [State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856]. The Court also addressed the guidelines in State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855. This Court interpreted and appliedFoster and Mathis in State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309. In Dudukovich, we found that while pursuant to Foster portions of Ohio's sentencing guidelines were unconstitutional, Dudukovich did not properly preserve his constitutional challenge for appeal. Dudukovich at ¶ 21. We held that an appellant, if sentenced after Blakely v.Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, waives constitutional challenge to his sentence if he does not preserve the argument in the trial court. Id. at ¶¶ 22 and 24. This Court questioned `whether [the] Defendant raised a specific challenge to the constitutionality of Ohio's sentencing statutes in the trial court.' Id. at ¶ 24. We found that `[a]s Defendant failed to raise any objection below, let alone an objection specifically raising a constitutional challenge, he is precluded from raising such an argument for the first time on appeal.'"State v. Williams, 9th Dist. No. 05CA008804, 2006-Ohio-4310, at ¶ 34.
 {¶ 11} Based on our holding in Dudukovich, we find that Appellant failed to preserve his constitutional challenge for appeal. See State v. Duffield, 9th Dist. No. 22634,2006-Ohio-1823, at ¶¶ 72-75 (holding that when appellant did not specifically object to the constitutionality of a statute after sentencing in trial court he waived that argument on appeal). The record shows that Appellant was sentenced on January 20, 2006, well after Blakely had been decided.[1] Further, a review of the record indicates that at no time during the sentencing proceeding did Appellant object to the constitutionality of his sentence. See Williams at ¶ 35. Accordingly, because "one must object to preserve errors for review" we find that Appellant is precluded from arguing the sentencing statute's constitutionality on appeal. See Id.
 Assignment of Error Number Three
"THE TRIAL COURT ERRED IN ITS JOURNAL ENTRY OF SENTENCING ISSUED JANUARY 20, 2006 BY FAILING TO JOURNALIZE THE JURY VERDICT OF NOT GUILTY ON THE FELONIOUS ASSAULT CHARGE."
 {¶ 12} In his third assignment of error, Appellant has argued that trial court committed plain error in his sentencing. Specifically, Appellant has argued that the record indicates that the trial court was biased against him because on two occasions the trial court referenced his conviction of felonious assault, when, in fact, the jury had found him not guilty of felonious assault. We disagree.
 {¶ 13} Initially, we must note that the trial court did in fact journalize the jury verdict of not guilty on January 13, 2006. The January 20, 2006 journal entry was a journalization of Appellant's sentence and therefore did not require journalization of the not guilty verdict. Appellant was found not guilty of felonious assault. This Court can find no reason to include it in the sentencing journal entry. We conclude that journalizing a not guilty verdict for the sole purpose of not imposing a sentence is an exercise in frivolity. Further, Appellant has not submitted any relevant case law to support his argument.
 {¶ 14} Furthermore, regarding Appellant's plain error argument, we may not reverse the judgment of the trial court on the basis of plain error, unless Appellant has established that the outcome of the trial clearly would have been different but for the alleged error. State v. Kobelka (Nov. 7, 2001), 9th Dist. No. 01CA007808, at *2, citing State v. Waddell (1996),75 Ohio St.3d 163, 166. Appellant has not shown how the fact that the trial court misspoke regarding his convictions could have possibly prejudiced him or indicated bias. Further, Appellant has not demonstrated that his sentence would have been different but for the trial court's misstatement regarding the felonious assault charge.
 {¶ 15} Finally, there is no evidence of bias in the record. To the contrary, the record indicates that despite Appellant's repeated perjury, despite his lack of remorse, and despite his history of discipline while incarcerated, the trial court imposed a lesser sentence than that requested by the State. Appellant received a total sentence of seven years incarceration. Appellant was sentenced to a mandatory and consecutive three year sentence for the firearm specification pursuant to R.C.2929.14(D)(1)(a)(ii)/(b). Necessarily, Appellant was sentenced to four years for the aggravated robbery. The State requested six years. Given the aggravating circumstances enumerated by the court, the sentence, if anything, is indicative of leniency, not prejudice or bias.
 {¶ 16} Appellant's third assignment of error lacks merit.
 III {¶ 17} Appellant's first, second, and third assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Moore, J. concur.
[1] Blakely was decided on June 24, 2004.