DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Matthew Myers, appeals from his conviction and sentencing in the Wayne County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On February 18, 2004, the Wayne County Grand Jury indicted Appellant on one count of attempted murder and one count of felonious assault. Appellant pled not guilty to the charges and waived his right to a jury trial. His case was tried to the bench beginning October 31, 2005. At the close of the State's case, Appellant moved for a Crim.R. 29 motion for acquittal on both counts charged in the indictment. The trial court granted Appellant's motion for acquittal as to the attempted murder count, but denied the motion as to the felonious assault count. Appellant then rested, without presenting any witnesses, and renewed his Crim.R. 29 motion for acquittal. The trial court overruled the motion and subsequently found Appellant guilty of felonious assault, a felony of the second degree.
 {¶ 3} On December 12, 2005, the trial court sentenced Appellant to serve the maximum sentence of eight years imprisonment. Appellant was also ordered to pay costs and make restitution in the amount of $35,819.50.
 {¶ 4} Appellant timely appealed his conviction and sentence raising three assignments of error for our review.
 II. ASSIGNMENT OF ERROR I
"[APPELLANT] IS SERVING A VOID SENTENCE, IMPOSED UNDER AN UNCONSTITUTIONAL STATUTE, AND IS ENTITLED TO RESENTENCING."
 {¶ 5} In Appellant's first assignment of error he contends that he is serving a void sentence imposed under an unconstitutional statute. More specifically, Appellant contends that the trial court's imposition of the non-minimum prison term was unconstitutional under Blakely v. Washington (2004),542 U.S. 296, because only a jury can make the findings necessary to impose such a sentence and that the matter must, therefore, be remanded for re-sentencing under State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. We disagree.
 {¶ 6} A review of the record reflects that Appellant never challenged the constitutionality of Ohio's sentencing statutes in the trial court. In State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, we held that a defendant must raise the constitutionality of Ohio's sentencing statutes in order to preserve the argument, including an argument under Foster, on appeal. See State v. Metz, 9th Dist. No. 22763, 2006-Ohio-1551, at ¶ 9-10; State v. Duffield, 9th Dist. No. 22634,2006-Ohio-1823, at ¶ 72-74. Appellant further contends that our decision in Dudukovich, conflicts with the Ohio Supreme Court's decision in Foster. We do not agree. As we found inDudukovich, the position Foster took on waiver in the courts below does not apply to the factual scenario before us.Dudukovich, supra at ¶ 22.
 {¶ 7} In Foster, supra, the Court agreed with the defendants' arguments that Ohio's sentencing structure violated the Sixth Amendment to the extent that it required judicial factfinding. Dudukovich at ¶ 19, citing Foster at paragraphs one through seven of the syllabus. In constructing a remedy, theFoster court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute. Id. TheFoster court also found that the defendant could not have "relinquished his sentencing objections as a known right when no one could have predicted that Blakely would extend theApprendi doctrine to redefine `statutory maximum.'"Dudokovich, at ¶ 22 quoting Foster at ¶ 31. In Dudukovich
we determined that in sentences imposed after Blakely the United States Supreme Court would guide us to apply "ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the `plain-error' test."Dudokovich at ¶ 23, quoting United States v. Booker (2005),543 U.S. 220, 268. Consequently, "Foster had not directed this Court to abandon our ordinary doctrines and the U.S. Supreme Court in Booker implored appellate courts to continue to follow these doctrines." Dudukovich at ¶ 24.
 {¶ 8} The record shows that Appellant was sentenced on December 6, 2005, well after Blakely was decided. As Appellant failed to raise any objection to his sentence in the trial court and specifically failed to challenge the constitutionality of Ohio's sentencing statutes, he is precluded from raising this argument for the first time on appeal. In addition, as Appellant has not alleged that the trial court committed plain error in his sentencing, we decline to address the issue.
 {¶ 9} We note that several Ohio appeals courts have remanded for resentencing despite an appellant's failure to raise aBlakely objection in the trial court. See, e.g., State v.Miller, 2d Dist. No. 21054, 2006-Ohio-1138; State v. CustodiaMota, et al., 6th Dist. No. L-04-1354, 2006-Ohio-3800; State v.Williams, 11th Dist. No. 2004-A-0052, 2006-Ohio-2008. Both the Sixth District Court of Appeals in Custodia Mota and the Tenth District Court of Appeals in State v. Payne, 10th Dist. No. 05AP-517, 2006-Ohio-2552, certified this conflict to the Ohio Supreme Court for review. On October 4, 2006, Payne was accepted for review. 10/4/2006 Case Announcements, Supreme Court of Ohio, 2006-Ohio-5083. Until review of Payne, we see no reason to revisit Dudukovich or its progeny.
 {¶ 10} Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT DENIED [APPELLANT] DUE PROCESS OF LAW WHEN IT ORDERED HIM TO PAY $35,819.50 IN RESTITUTION. FIFTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; R.C. 2929.19(b)(6)[.]"
 {¶ 11} In his second assignment of error, Appellant contends that the trial court denied him due process of law when it ordered him to pay $35,819.50 in restitution. We do not agree.
 {¶ 12} Appellant presents two issues for our review under his second assignment of error: 1) Whether a trial court is required to consider a criminal defendant's present and future ability to pay before ordering the defendant to make restitution as a part of his sentence, and 2) Whether the amount of restitution imposed on an offender must be supported by sufficient evidence in the record to establish the amount of economic loss to a reasonable degree of certainty. Appellant's first issue involves the imposition of restitution, which is evaluated under an abuse of discretion standard. State v. Conrad (Mar. 1, 2002), 4th Dist. No. 01CA555, at *2-3. The second issue involves the evidence necessary to determine the amount of restitution. The evidence in the record must be sufficient to ascertain the amount of restitution with a reasonable amount of certainty. State v.Middleton, 12th Dist. No. CA2005-11-499, 2006-Ohio-4558, at ¶ 20. There must be a reasonable relationship to the loss suffered. Id.
 {¶ 13} Initially, this Court notes that a presentence investigation was completed in the trial court. As such, there is a presumption that the trial court utilized it in imposing its sentence. State v. O'Neal (Sept. 29, 1999), 9th Dist. No. 19255, at *2 citing State v. Koons (1984), 14 Ohio App.3d 289,291. As Appellant failed to include the presentence report in the record, this Court cannot properly review the trial court's decision. We, therefore, have no choice but to presume the validity of the trial court's factual findings in support of Appellant's sentence. State v. Cox (Apr. 12, 2000), 9th Dist. No. 19773, at *2. Accordingly, Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"[APPELLANT] WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL, BASED ON TRIAL COUNSEL'S DEFICIENT AND PREJUDICIAL PERFORMANCE IN CONTRAVENTION OF THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."
 {¶ 14} In his final assignment of error, Appellant claims trial counsel was ineffective. We disagree.
 {¶ 15} In evaluating an ineffective assistance of counsel claim, this Court employs a two step process as described inStrickland v. Washington (1984), 466 U.S. 688, 687. First, the court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client."State v. Bradley (1989), 42 Ohio St.3d 136, 141; State v.Lytle (1976), 48 Ohio St.2d 391, 396. Second, the court must determine if prejudice resulted to the defendant from counsel's ineffectiveness. Bradley, 42 Ohio St.3d at 141-142, citingLytle, 48 Ohio St.2d at 396-397, vacated in part on other grounds. Prejudice exists where there is a reasonable probability that the trial result would have been different but for the alleged deficiencies of counsel. Bradley,
42 Ohio St.3d at paragraph three of the syllabus. Defendant bears the burden of proof, and must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 48, quoting Strickland, 446 U.S. at 687.
 {¶ 16} In support of his final assignment of error, Appellant contends that his trial counsel was ineffective because he failed to object to the trial court's imposition of a maximum prison sentence and failed to object to the restitution order. We disagree.
 {¶ 17} Appellant has failed to demonstrate that the result of his sentence would have been different but for the alleged errors of his trial counsel. The Foster Court granted the trial courts full discretion to impose sentences within the statutory range and relieved the trial courts of the need to make findings in support of an imposition of a maximum, consecutive or more than the minimum sentence. Foster, supra, at paragraph seven of the syllabus. Prior to Foster, this Court held that Blakely was inapplicable to Ohio's sentencing scheme and that along withApprendi v. New Jersey (2000), 530 U.S. 466, it did not bar an Ohio trial court from exercising his traditional sentencing discretion. State v. Mitchell, 9th Dist. No. 22830,2005-Ohio-6915, at ¶ 10 (appeal allowed, judgment reversed). Both pre-Foster and post-Foster, it was within the trial court's discretion to impose sentences within the statutory range. Therefore, Appellant has not met his burden to demonstrate that had his counsel objected to the sentence, the trial court would have reconsidered.
 {¶ 18} Appellant further argues that he was prejudiced by trial counsel's failure to object to the trial court's restitution order. Appellant claims the trial court did not consider Appellant's ability to pay and that the amount was unverified. As stated above, without the presentence investigation report or the victim impact statement, we cannot properly review the record to determine if an objection to the trial court's findings would have changed the outcome of the order. Therefore, Appellant's third assignment of error is overruled.
 III. {¶ 19} Appellant's three assignments of error are overruled, and the judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, P.J. Carr, J. Concur.