DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Brandon Cruzado, appeals from his sentencing in the Lorain County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On February 4, 2003, Appellant was indicted on one count of robbery, a violation of R.C. 2911.02, a felony of the second degree, with a firearm specification. On April 7, 2003, Appellant entered a guilty plea. On July 18, 2003, Appellant was sentenced to a three year term of incarceration. At the time of the original sentencing, Appellant was not advised of his mandatory post-release control obligations. *Page 2 
 {¶ 3} On May 24, 2006, the trial court held a re-sentencing hearing wherein the court imposed the same three year term of incarceration and advised Appellant of his post-release control obligations. Appellant raised a general objection to the imposition of post-release control obligations. On May 26, 2006, Appellant filed a writ of prohibition with the Ohio Supreme Court. On June 23, 2006, Appellant filed a notice of appeal with this Court. On November 22, 2006, the Ohio Supreme Court denied Appellant's request for the writ of prohibition. See State exrel. Cruzado, 111 Ohio St.3d 353, 2006-Ohio-5795.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT'S RE-SENTENCING HEARING VIOLATED APPELLANT'S RIGHT AGAINST DOUBLE JEOPARDY AS PROTECTED BY THE OHIO AND FEDERAL CONSTITUTIONS[.]"
 {¶ 4} In Appellant's sole assignment of error, he alleges that the trial court violated his right against double jeopardy as guaranteed by the Ohio and United State Constitutions when it re-sentenced him to advise him of his post-release control obligations. We disagree.
 {¶ 5} A review of the record reflects that Appellant never raised the objection in the trial court that his re-sentencing violated his right against double jeopardy. This Court has held that to preserve an alleged error for appeal, a party must timely object and state the specific grounds for the objection. State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, at ¶ 24; State v. *Page 3 Duffield, 9th Dist. No. 22634, 2006-Ohio-1823, at ¶ 74. The record reflects that Appellant only raised a general objection to his re-sentencing. As Appellant failed to assert an objection specifically raising his constitutional challenge, he is precluded from raising such an argument for the first time on appeal. See Id. and State v.Wade, 9th Dist. No. 02CA0076-M, 2003-Ohio-2351, at ¶ 43. Finally, as Appellant has not alleged that the trial court committed plain error in his sentencing, we decline to address the issue.
 {¶ 6} Appellant's sole assignment of error is overruled.
 III. {¶ 7} Appellant's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of *Page 4 
Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 SLABY, P. J. DICKINSON, J. CONCUR *Page 1