[Cite as *State v. Cannon*, 2025-Ohio-5729.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250313 |
| | | TRIAL NO. | B-2403430 |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| DARIUS CANNON, | : | *JUDGMENT ENTRY* | |
| Defendant-Appellant. | : | | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed 50% to appellee and 50% to appellant.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 12/23/2025 per order of the court.**

**By:**_____
        **Administrative Judge**

[Cite as *State v. Cannon*, 2025-Ohio-5729.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|                          |   |                     |            |
|--------------------------|---|---------------------|------------|
| STATE OF OHIO,           | : | APPEAL NO.          | C-250313   |
|                          |   | TRIAL NO.           | B-2403430  |
| Plaintiff-Appellee,      | : |                     |            |
|                          |   | *O P I N I O N*     |            |
| vs.                      | : |                     |            |
|                          |   |                     |            |
| DARIUS CANNON,           | : |                     |            |
|                          |   |                     |            |
| Defendant-Appellant.     | : |                     |            |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: December 23, 2025

*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Candace Crear,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Jeffrey J. Cutcher*, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1}    Darius Cannon appeals his sentences for two counts of trafficking in a fentanyl-related compound, both fifth-degree felonies, for selling less than one gram of a controlled substance to a confidential informant.  The trial court sentenced Cannon to three years of community control, 180 days' incarceration in the jail, completion of the CBI Program, and 50 hours of community service.  In his sole assignment of error, Cannon argues that he was entitled to a community-control sentence under R.C. 2929.13(B)(1)(a), and that the trial court's imposition of a jail term amounted to a "trial tax."  For the following reasons, we affirm the judgment of the trial court in part, reverse the judgment of the trial court in part, and remand the cause to the trial court.

## Factual Background

{¶2}    After a trial, the jury found Cannon guilty of two counts of trafficking in a fentanyl-related compound, both fifth-degree felonies.  The trial court ordered a presentence investigation ("PSI") and ordered that Cannon be taken into custody. Defense counsel asked the court to consider a stay of one week to allow Cannon to get his affairs in order.  The court responded, "No."

{¶3}    At the sentencing hearing, Cannon's counsel acknowledged that Cannon is addicted to Percocet pills and requested drug treatment at an outpatient facility, DeCoach in Westwood.  Counsel informed the court that the convictions should merge, and that Canon was entitled to a presumption of community control because this was his first felony conviction as an adult.

{¶4}    Cannon read a statement to the court, explaining that he was a full-time parent to three children, ages one, eight, and nine.  His father died when he was one, and his mother died when he was 15, 13 years prior.  After his mother's death, he

allowed himself to be influenced by the wrong people. While in jail, he had worked in the kitchen every day. Cannon graduated from high school, and being in jail made him realize that he can do better in life.

{¶5} The State agreed that the convictions should merge because Cannon sold one substance and deferred to the court as to sentencing.

{¶6} The court informed Cannon that he did not admit that he committed the offenses or express remorse. Then the court asked him why he used Percocet. Cannon explained that he started using Percocet when his mom died in 2013. When asked by the court, Cannon admitted that he sold fentanyl but said he did not use the drug because it could kill him. The court asked why he would sell it to others, and Cannon responded, "My mind wasn't right. And I'm sorry. I take full responsibility." The following colloquy occurred,

> The Court: I understand that, and I appreciate that. You take full
> responsibility now because the jury found you guilty. You did not -- you
> exercised your constitutional right, which you're absolutely are entitled
> to do, and the jury proved it. But you didn't take responsibility before.
> You know, seems a little disingenuous, no offense, you know?
>
> Cannon: Yes, ma'am.
>
> The Court: And no explanation for why you're doing that. If you've got
> this job with your wife -- I mean, not your wife, the mother of your kid,
> and you've got this cleaning business, why aren't you doing that and not
> selling drugs and taking care of your kid?
>
> Cannon: We just started it. So I about to get my mind right.
>
> The Court: And now you're in jail because you sell drugs to other people.
> That's the problem I got. You know, if you were just a drug addict and

4

had a drug problem, I could put you in a treatment program and help you. But you're not. You're a trafficker. You're a drug seller. You sell drugs to other people, and they ruin their lives. I can't help you with that. You're just making money. If you're a drug user, yeah, I can help you. Drug seller, I cannot. You know, you ruin things for everybody else.

{¶7} The court sentenced Cannon to three years of community control on intensive supervision probation, 180 days in the justice center with credit for the 36 days he had already served, completion of the CBI program, and 50 hours of community service.[1] The court sentenced him on both offenses and ordered that the sentences be served concurrently despite the fact that the State conceded that the offenses should have merged.

{¶8} Cannon appeals, and in his sole assignment of error, he contends that the trial court erred by imposing sentences that amounted to a "trial tax" when the court sentenced him to a period of incarceration equal to the minimum term of incarceration permitted by law for a felony of the fifth degree in addition to placing him on community control, where he was convicted of two felonies of the fifth degree and the defendant had not previously been convicted of a felony offense.

## Community-Control Sentencing

{¶9} The standard of review for an appeal of a felony sentence is governed by R.C. 2953.08(G)(2). *See State v. Marcum*, 2016-Ohio-1002, ¶ 1. An appellate court may vacate or modify a felony sentence on appeal if it determines by clear and convincing evidence that the sentence is contrary to law. *See id.* A sentence is contrary

---

[1] Notably, the court could have imposed up to five years of community control.

to law if the trial court vindictively sentences a defendant for exercising his constitutional right to a jury trial. *State v. Rahab*, 2017-Ohio-1401, ¶ 33. "A defendant's assertion of actual vindictiveness should be reviewed with the presumption that the trial court considered the appropriate sentencing criteria." *State v. Arnold*, 2021-Ohio-2836, ¶ 14 (1st Dist.), citing *Rahab* at ¶ 19. "We will reverse the sentence only if we clearly and convincingly find the sentence is contrary to law because it was imposed as a result of actual vindictiveness on the part of the trial court." *Id.* at ¶ 33.

{¶10} Cannon was sentenced under R.C. 2929.13(B)(1)(a),which requires a court to "sentence the offender to a community control sanction or combination of community control sanctions" when, as here, the most serious conviction is a fifth-degree felony,[2] the offender has no prior felony convictions, and no convictions within the past two years for a misdemeanor offense of violence.

{¶11} When the court is not required to impose a prison term, "the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code." R.C. 2929.15(A)(1). "The duration of all community control sanctions imposed on an offender under this division shall not exceed five years." R.C. 2929.15(A)(1). Under R.C. 2929.16(A), the court may impose any community residential sanction or combination of community residential sanctions under this section. A court is authorized to impose a jail term of up to six months under R.C. 2929.16(A)(2).

{¶12} Thus, the court was authorized to impose community control for three

---

[2] *See State v. Bailey*, 2025-Ohio-5254, ¶ 10 (1st Dist.) (R.C. 2929.13(B)(1)(a) applies when a defendant is convicted of one fourth- or fifth-degree felony and "does not apply when defendants are convicted of multiple fourth- or fifth-degree felonies . . .").

years and a jail term of up to six months under R.C. 2929.13(B)(1)(a), R.C. 2929.15(A)(1), and R.C. 2929.16(A)(2). Cannon agrees that a jail term was authorized as a community-control sanction. However, he argues that the jail term amounted to a "trial tax" for exercising his right to a jury trial.

{¶13} Therefore, this court must "review the entire record—the trial court's statements, the evidence adduced at trial, and the information presented during the sentencing hearing—to determine whether there is evidence of actual vindictiveness." *Rahab*, 2017-Ohio-1401, at ¶ 19. "We will reverse the sentence only if we clearly and convincingly find the sentence is contrary to law because it was imposed as a result of actual vindictiveness on the part of the trial court." *Id.*, citing R.C. 2953.08(G)(2); *Marcum*, 2016-Ohio-1002, at ¶ 1.

{¶14} Here, our record is somewhat limited because it does not include the trial transcripts, only the transcripts from the verdict and sentencing. After the jury found Cannon guilty, the court ordered a PSI and remanded him into custody. When Cannon requested a week to get his affairs in order, the court responded, "No." Cannon suggests, without explanation or supporting case law, that remanding him into custody was "the first indicator that a trial tax was being imposed." The court made no statements that could be construed as punishing Cannon for exercising his right to a jury trial when declining Cannon's request for time to get his affairs in order. Moreover, after a conviction, "bail is more likely to be denied since the danger of flight is 'inherently greater after conviction than before a guilty verdict.'" *Miles v. Telb*, 2003-Ohio-4220, ¶ 2 (6th Dist.), citing *Christopher v. McFaul*, 18 Ohio St.3d 233, 234 (1985).

{¶15} After Cannon read his statement of allocution at the sentencing hearing, the court pointed out that Cannon did not admit that he committed the offenses or

express his remorse in his statement. The court further remarked, "You take full responsibility now because the jury found you guilty. You did not -- you exercised your constitutional right, which you're absolutely are entitled to do, and the jury proved it. But you didn't take responsibility before. You know, seems a little disingenuous, no offense, you know?"

{¶16} Cannon contends these statements indicate that the jail sentence was a trial tax. However, "[g]enuine remorse is one factor to be considered by the court when it makes its sentencing decision." *Rahab*, 2017-Ohio-1401, at ¶ 28. Likewise, "[a]cceptance of responsibility is an appropriate sentencing consideration." *Id*. at ¶ 17. During allocution, Cannon did not express remorse or accept responsibility for his conduct. After the court pointed this out, Cannon apologized. The court's statements reflect the court's acknowledgement that Cannon belatedly took responsibility and expressed remorse, but the court was skeptical about the genuineness of his statements.

{¶17} In *State v. Davis*, 2006-Ohio-4723 (9th Dist.), the defendant argued that the court erred in sentencing him by discounting his statement of remorse. *Id*. at ¶ 5. The court noted that, "While it is true that [defendant] apologized for his conduct, it is equally true that the trial court considered [defendant's] statement of remorse and found it to be less than genuine." The court held that the sentencing statute "requires only that trial courts 'shall consider' an offender's showing of genuine remorse, not that a court must accept such statement as true if one is offered." *Id*. at ¶ 7.

{¶18} Here, as in Davis, "the trial court considered [Cannon's] statement and rejected it, as is within its discretion." *See id*. Moreover, the court did not disparage Cannon or criticize his decision to go to trial. More importantly, the court acknowledged that Cannon was absolutely entitled to exercise his right to a jury trial.

8

**{¶19}** Reviewing the court's comments in totality, the court may have shown some degree of frustration or displeasure that Cannon sold drugs that could potentially kill the individuals who purchased them from him, while admitting that he did not use fentanyl due to the risk of death. Prior to imposing the sentence, the court further explained its frustration, "And now you're in jail because you sell drugs to other people. That's the problem I got. . . . You're a trafficker. You're a drug seller. You sell drugs to other people, and they ruin their lives. I can't help you with that. You're just making money."

**{¶20}** The record indicates that the sentence was based upon the evidence of Cannon's guilt presented at trial, his admission of guilt, his lack of remorse, and the harm that fentanyl has caused to the community. The record does not clearly and convincingly demonstrate that the trial court based its sentence on actual vindictiveness.

**{¶21}** Accordingly, we overrule the sole assignment of error.

### Double Jeopardy

**{¶22}** We note that the trial court sentenced Cannon on both offenses despite the fact that the State agreed the offenses should merge for sentencing. As the State explained to the trial court, both offenses were based on the sale of a single mixture of drugs and should have merged. *See State v. Keese*, 2024-Ohio-5075, ¶ 56 (1st Dist.) ("In *State v. Pendleton*, 2020-Ohio-6833, ¶ 19-20, the Ohio Supreme Court held that R.C. 2925.03 does not allow separate punishments for multiple drug-trafficking convictions when the factual basis of the convictions is trafficking a mixture of [drugs]."); *State v. Pendleton*, 2020-Ohio-6833, ¶ 19 (In imposing separate sentences for two trafficking convictions based on a mixture of drugs, "the trial court punished [defendant] twice for a singular quantity of drugs, violating his right to be free from

9

double jeopardy.").

**{¶23}** An appellate court "'may recognize plain error, sua sponte, to prevent a miscarriage of justice.'" *State v. Berry*, 2021-Ohio-2249, ¶ 21 (6th Dist.), citing *State v. Magee*, 2019-Ohio-1921, ¶ 25 (6th Dist.), quoting *State v. Vinson*, 2016-Ohio-7604, ¶ 66 (8th Dist.); *State v. Slagle*, 65 Ohio St.3d 597, 604 (1992) (recognizing that Crim.R. 52(B) allows an appellate court to sua sponte consider a trial error to which the appellant did not object). Here, Cannon and the prosecutor agreed that the offenses should have been merged for sentencing.

**{¶24}** Accordingly, we reverse the trial court's sentences and remand the cause for resentencing so that the State may choose which offense to pursue.

## Conclusion

**{¶25}** We reverse the judgment of the trial court and remand the cause to the trial court for a new sentencing hearing to allow the State to choose which offense it wishes to pursue for sentencing. We affirm the trial court's judgment in all other respects.

Judgment accordingly.

**BOCK** and **NESTOR, JJ.,** concur.