DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} In this consolidated appeal, Defendant-Appellant, Shawn Stephens, appeals from a conviction in the Lorain County Court of Common Pleas and from an order finding him in violation of the terms of community control sanctions imposed in two prior cases and imposing more restrictive sanctions. We affirm.
 {¶ 2} On July 2, 2001, Defendant was convicted of one count of Preparation of Drugs for Sale in violation of R.C. 2925.07(A), a felony of the fifth degree. Defendant pled guilty and was sentenced to two years of community control, ending July 2, 2003; thirty-five hours of community service; drug *Page 2 
treatment; and a thirty-day term of incarceration in the county jail. The trial court also fined Defendant $350; suspended his driver's license for a period of six months; and ordered him to participate in random drug screens.
 {¶ 3} Beginning in October 2001, facing a new indictment on three counts of Trafficking in Marijuana in violation of then-effective R.C.2925.03(A)(3), Defendant failed to report to his probation officer for nine months and moved without providing notification of his whereabouts. He also failed to make required payments to the court, to perform community service, and to complete drug treatment. On June 3, 2002, the trial court found him in violation of his community control sanctions and imposed a sixty-day period of incarceration in the county jail with provision for work release.
 {¶ 4} On January 28, 2003, Defendant pled guilty to the charges in the second indictment. On March 26, 2003, the trial court sentenced Defendant to three years of community control and fifty hours of community service. The trial court also fined Defendant $350 for each count; ordered him to submit to random drug testing; and suspended his driver's license for twelve months. Because the incidents underlying these convictions occurred prior to sentencing in the earlier case, Defendant was not found in violation of the terms of community control at that time.
 {¶ 5} On September 16, 2004, Defendant was indicted on charges of: (1) Vehicular Homicide in violation of R.C. 2903.06(A)(3), a felony of the fourth *Page 3 
degree; (2) Vehicular Manslaughter in violation of R.C. 2903.06(A)(4), a misdemeanor of the first degree; (3) Failure to Stop in violation of R.C. 4511.43(A), a minor misdemeanor; (4) Possession of Marijuana in violation of R.C. 2925.11(A), a minor misdemeanor; and (5) Driving Under Suspension in violation of R.C. 4507.02(A)(1), a minor misdemeanor. These charges resulted from an automobile accident that took the life of Bradley Scott, an off-duty Elyria police officer, on August 27, 2004. At the time of the accident, Defendant was still on community control as a result of his prior convictions.
 {¶ 6} On July 25, 2006, Defendant pled guilty to charges two through five as enumerated in the indictment, and the trial court dismissed the charge of Vehicular Manslaughter. The trial court sentenced Defendant to six-month terms of incarceration on counts one and four, to be served consecutively, and fined Defendant $500 each on counts one and four and $100 each on counts two and three. The trial court also suspended Defendant's driver's license for two years.
 {¶ 7} Following sentencing, the trial court found that Defendant's further criminal conduct violated the terms of his community control sanctions. Consequently, the trial court imposed the more restrictive sanction of six months imprisonment in the Lorain County Correctional Facility with respect to each of the previous cases.
 {¶ 8} Defendant timely appealed, raising two assignments or error. ASSIGNMENT OF ERROR I *Page 4 
 "The statutory mandate required by State v. Brooks is not limited to the imposition of a prison term."
 {¶ 9} In his first assignment of error, Defendant has argued that the trial court was prohibited from imposing the more restrictive community control sanction of six months in the Lorain County Correctional Facility because the trial court did not inform him of this possibility when the community control sanctions were originally imposed.
 {¶ 10} Defendant did not object to this alleged error during sentencing. "`It is a basic premise that a defendant must bring an alleged error to the attention of the trial court at a time when the error can be corrected.' Failure to object to sentencing errors constitutes a waiver of such errors." (Internal citations omitted.)State v. Tomblin, 9th Dist. No. 05CA0035, at ¶ 6, quoting State v.Riley, 9th Dist. No. 21852, 2004-Ohio-4880, at ¶ 27. We conclude that, having waived any error with respect to his community control sanction, Defendant cannot pursue it for the first time on appeal. Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "[Defendant's] Sixth Amendment right to a trial by jury was violated where the court made specific findings which it believed required the imposition of maximum and consecutive sentences."
 {¶ 11} Defendant has argued in his second assignment of error that the trial court made unconstitutional findings in imposing his sentences in the underlying convictions. Specifically, Defendant argues that the decision of the Supreme *Page 5 
Court of Ohio in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, applies with equal force to misdemeanor sentences imposed pursuant to R.C. 2929.22(C). Appellee agrees that Foster is applicable to this case, but maintains that the trial court imposed sentences within its discretionary authority.
 {¶ 12} In Foster, the Supreme Court of Ohio held that Ohio's felony sentencing structure violated the Sixth Amendment to the extent that it required judicial fact finding. Id. at paragraphs one through seven of the syllabus. Although Foster did not specifically address the constitutionality of Ohio's misdemeanor sentencing statutes, the Seventh and Tenth Appellate Districts have since considered this issue and have concluded that the rationale of Blakely v. Washington (2004),542 U.S. 296 as applied in Foster applies with equal force to R.C. 2929.22(C). See State v. Brooks, 7th Dist. No. 05MA31, 2006-Ohio-4610; State v.Simms, 10th Dist. Nos. 05AP-806 and 05AP-807, 2006-Ohio-2960, at ¶17-26.
 {¶ 13} In this case, however, we do not reach the merits of Defendant's argument that Foster applies to misdemeanors because Defendant failed to raise this objection before the trial court. This Court has held that an appellant who is sentenced after Blakely waives the constitutional challenge to his sentence if he does not preserve the argument at the trial court level:
 "[T]he Ohio Supreme Court addressed Ohio sentencing guidelines in Foster. The Court also addressed the guidelines in State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855. This Court interpreted and applied Foster and Mathis in State v. Dudukovich, 9th Dist. No. *Page 6 
05CA008729, 2006-Ohio-1309. In Dudukovich, we found that while pursuant to Foster portions of Ohio's sentencing guidelines were unconstitutional, Dudukovich did not properly preserve his constitutional challenge for appeal. Dudukovich at ¶ 21. We held that an appellant, if sentenced after Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, waives constitutional challenge to his sentence if he does not preserve the argument in the trial court. Id. at ¶¶ 22 and 24. This Court questioned `whether [the] Defendant raised a specific challenge to the constitutionality of Ohio's sentencing statutes in the trial court.' Id. at ¶ 24. We found that `[a]s Defendant failed to raise any objection below, let alone an objection specifically raising a constitutional challenge, he is precluded from raising such an argument for the first time on appeal.' Id.'"
State v. Williams, 9th Dist. No. 05CA008804, 2006-Ohio-4310, at ¶ 34.
{114} Defendant was sentenced on October 3, 2006, well afterBlakely was decided. It appears from the record that Defendant did not raise a constitutional objection at the time of sentencing. Pursuant to this court's holding in Dudukovich Defendant is precluded from raising this argument for the first time on appeal. See Simms at ¶ 25-26. Defendant's second assignment of error is overruled.
{115} Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into *Page 7 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
LYNN C. SLABY FOR THE COURT
DICKINSON, J. CONCURS
 MOORE, J. CONCURS IN JUDGMENT ONLY *Page 1