OPINION
{¶ 1} Defendant-appellant Donald F. Collier, II, appeals his conviction and sentence in *Page 2 
Case No. 06-CRB-1807 for first degree misdemeanor assault in violation of R.C. § 2903.13(A), first degree misdemeanor theft in violation of R.C. § 2913.02(A), and fourth degree misdemeanor domestic violence in violation of of R.C. § 2919.25(C). After a jury trial on September 21, 2006, Collier was found guilty on all counts. The trial court sentenced Colllier to 30 days imprisonment for the theft, 30 days imprisonment for the domestic violence, and 180 days for the assault. The trial court ordered Collier to serve the two 30-day sentences concurrently with the two 180-day sentences which were previously imposed. However, the court ordered Collier to serve the 180-day sentence for assault consecutively to the sentences previously imposed in Case Nos. 06-CRB-2858 and 06-CRB-2868. Collier filed a timely notice of appeal with this Court on September 21, 2006.
 I Case No. 06-CRB-1807
 {¶ 2} On the evening of April 4, 2006, Collier arranged a meeting with Tunisia Glenn so that he could visit with his son, Donald "Tink" Collier, III. The meeting took place at the Pizza-N-Stuff Drive-Thru located at 439 West High Street in Springfield, Ohio.
 {¶ 3} After arriving at the restaurant accompanied by her friend, Suretha Rogan, Glenn took a phone call from another male while she and Tink were visiting with Collier. Collier immediately became enraged by what he thought of as disrespectful behavior and threw a plastic drink bottle at Glenn which struck her in the head. Glenn jumped up from her table and attempted to run out of the restaurant. Collier began to run after her but was stopped by the owner of the restaurant, Paul Taylor, who told him to leave the premises. During this confrontation, Taylor also brandished a handgun which he kept in a hip holster for store security *Page 3 
purposes. Taylor later testified that he showed the handgun to Collier in an effort to calm him down and dissuade him from any further violent behavior. Additionally, Taylor testified that he never removed the handgun from its holster during the assault.
 {¶ 4} At this point, Collier became verbally abusive, and Taylor grabbed Collier around his neck and pushed him out of the restaurant. Once outside, Collier was able to wrestle Taylor to the ground where he began beating him with his fists. Eventually, an employee from the restaurant, with the help of a bystander, pulled Collier off of Taylor. In the meantime, Taylor's wife, Carolyn, called 911 and reported the disturbance.
 {¶ 5} Collier then ran across the parking lot to where Glenn, Tink, and Rogan were attempting to leave in Glenn's motor vehicle. Before they could leave, Collier reached in the vehicle and took Glenn's keys and tried to drop them down a sewer drain. When the keys would not go in the sewer, Collier took the keys and ran away. Collier eventually returned to the scene to speak with Glenn where he was subsequently arrested and taken into custody.
 {¶ 6} At trial, Collier did not put on a defense, and the trial court found him guilty of all of the charged offenses and sentenced him to 30 days each on counts for misdemeanor theft and misdemeanor domestic violence, and to 180 days for misdemeanor assault. The trial court ordered Collier to serve the two 30-day sentences concurrently with the two 180-day sentences which were previously imposed in Case Nos. 06-CRB-2858 and 06-CRB-2868. However, the court ordered Collier to serve the 180-day sentence for assault consecutively to previously imposed sentences.
 {¶ 7} It is from this judgment that Collier now appeals.
 II *Page 4 {¶ 8} In his sole assignment of error, Collier contends that the trial court erred when it sentenced him to a maximum/consecutive jail term pursuant to R.C. § 2929.22(C) upon a finding of guilt in Case No. 06-CRB-1807. Specifically, Collier argues that pursuant to the Ohio Supreme Court's decision in State v. Foster (2006), 109 Ohio St.3d 1,845 N.E.2d 470, 2006-Ohio 856, R.C. § 2929.22(C) is unconstitutional. In the alternative, Collier asserts that if we find R.C. § 2929.22(C) to be constitutional pursuant to Foster, then the trial court erred in sentencing Collier to maximum/consecutive jail terms because the trial court failed to properly apply R.C. § 2929.22(C).
 {¶ 9} R.C. § 2929.22(C) states in pertinent part:
 {¶ 10} "A court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime."
 {¶ 11} In Foster, the Supreme Court held that Ohio's felony sentencing structure violated the Sixth Amendment to the extent that it required judicial fact finding. Foster, supra. Although Foster did not specifically address the constitutionality of Ohio's misdemeanor sentencing statutes, the Seventh and Tenth Appellate Districts have considered this issue and have concluded that the rationale ofBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, as applied in Foster applies with equal force to R.C. § 2929.22(C). See State v.Brooks (Sept. 1, 2006), Mahoning App. No. 05MA31, 2006-Ohio-4610; andState v. Simms (June 13, 2006), Franklin App. No. 05AP-806 and 05AP-807,2006-Ohio-2960. Collier argues that if we *Page 5 
agree with the Seventh and Tenth Districts that R.C. § 2929.22(C) is unconstitutional, then we must decide whether the trial court abused its discretion by sentencing Collier to maximum/consecutive jail terms.
 {¶ 12} However, we do not reach the merits of Collier's argument because he failed to properly object to the trial court's decision during sentencing. We agree with the rationale of the Ninth District Court of Appeals in State v. Stephens (August 13, 2007), Lorain App. Nos. 06CA009044, 06CA009045, and 06CA009046, 2007-Ohio-4102, and hold that an appellant, if sentenced after Blakely, supra, waives a constitutional challenge to his sentence if he does not preserve the argument in the trial court. Collier was sentenced on September 21, 2006, well after Blakely was decided. Collier did not object to the maximum/consecutive sentences when they were imposed by the trial court. Thus, Collier is precluded from attacking the constitutionality of R.C. § 2929.22(C) in the instant matter. Moreover, we find that the failure to object at the time of sentencing to the court's application of R.C. § 2929.22(C) also results in waiver of the right to appeal that issue unless the error constitutes plain error. Even if Foster applied, by failing to demand a jury for sentencing purposes, Collier waived any objection to his sentence under State v. Payne (2007),114 Ohio St.3d 502, 873 N.E.2d 306, 2007-Ohio-4642. Almost by definition, the sentence could not constitute plain error. Collier has not shown an abuse of discretion since his sentence is within the parameters authorized by statute.
 {¶ 13} Collier's sole assignment of error is overruled.
 III {¶ 14} Collier's sole assignment of error having been overruled, the judgment of the trial court is affirmed. *Page 6 
 BROGAN, J. and GRADY, J., concur. *Page 1