DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant/Appellant, Franklin W. E. Prieto, III, appeals his conviction and sentence for assault in the Summit County Court of Common Pleas. We affirm.
 {¶ 2} Defendant was indicted on one count of assault in violation of R.C. 2903.13(A), which was a fourth-degree felony because the assault was against a peace officer while in the performance of official duties. The conduct occurred on September 8, 2006, while Defendant was incarcerated in Summit County Jail awaiting trial on charges of attempted murder and felonious assault. On January 10, 2007, Defendant was tried and convicted of felonious assault and acquitted of *Page 2 
attempted murder. On April 4, 2007, Defendant was tried and convicted of the assault charge. On April 6, 2007, Defendant was sentenced to eight years of imprisonment for the felonious assault conviction and one year of imprisonment for the assault conviction. The sentences were to be served consecutively.
 Assignment of Error No. 1 "[Defendant's] conviction of assault was against the manifest weight of the evidence.
 Assignment of Error No. 2 "The trial court erred in failing to grant [Defendant's] Criminal Rule 29 motion to dismiss the assault charge following the State's case."
 {¶ 3} Defendant asserts that his conviction for assault was against the manifest weight of the evidence and was not supported by sufficient evidence thereby causing the trial court's denial of his Crim.R. 29 motion to be erroneous.
 {¶ 4} "When reviewing the trial court's denial of a Crim.R. 29 motion, this court assesses the sufficiency of the evidence `to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" State v. Flynn, 9th Dist. No. 06CA0096-M, 2007-Ohio-6210, at ¶ 8, quoting State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "In applying this standard, we view the evidence in the light most favorable to the prosecution." State v. Stembridge, 9th Dist. No. 23812,2008-Ohio-1054, at ¶ 27, citing Jenks, 61 Ohio St. 259 at paragraph two of the syllabus *Page 3 
and State v. Feliciano (1996), 115 Ohio App.3d 646, 653. "In essence, sufficiency is a test of adequacy." State v. Thompkins (1997),78 Ohio St.3d 380, 386.
 {¶ 5} "While the test for sufficiency requires a determination of whether the [S]tate has met its burden of production at trial, a manifest weight challenge questions whether the [S]tate has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). In assessing a challenge to the manifest weight of the evidence,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
"This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant." Flynn at ¶ 9, citing Otten at 340.
 {¶ 6} Moreover, "[b]ecause sufficient evidence is required to take a case to the jury, the conclusion that a conviction is supported by the weight of the evidence necessarily includes a finding of sufficiency."Flynn at ¶ 10, citing State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2. "Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." Roberts at *2. *Page 4 
 {¶ 7} Based on a review of the record, this Court finds it reasonable that the jury could have believed the testimony and evidence proffered by the State and convicted Defendant of assault against a peace officer. The jury heard the testimony of three witnesses on behalf of the State and Defendant.
 {¶ 8} Defendant was convicted of assault in violation of R.C.2903.13(A), which states that, "[n]o person shall knowingly cause or attempt to cause physical harm to another[.]" Physical harm is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration" R.C. 2901.01(A)(3). It is undisputed that the incident at issue in this case involved Defendant and a peace officer (Officer Adams), and that a conviction for assault against a peace officer is a fourth-degree felony. R.C. 2903.13(C)(3).
 {¶ 9} Corin Usinski testified that he was employed by the Summit County Sheriffs Department on September 8, 2006, working at the Summit County Jail. Usinski explained that he responded to a "Code Ten" radio call during his shift, which indicated that an officer needed emergency assistance. Usinski testified that when he arrived at the scene, Defendant was on the floor face down, with his hands cuffed behind his back. Deputies Adams and Resek were trying to hold him down. Usinski indicted that Adams was on his knees by Defendant's side and Defendant was struggling and not under control. Usinski explained that Adams told him that Defendant was holding his fingers and would not let them go. Usinki testified that he told Defendant to let go of Adams's fingers and that when *Page 5 
Defendant failed to do so, he shot him with his taser. Usinski stated that Defendant then grabbed another deputy's fingers, after which Usinski shot him again with his taser.
 {¶ 10} Thomas Resek testified that he was employed by the Summit County Sheriffs office at the Summit County Jail on September 8, 2006. Resek explained that he and Adams were dispatched to Defendant's cell to take him to a meeting with a mental health assistant. Resek explained he was in front of Adams and Defendant as they were walking down the hall and turned around when he heard a scuffle. Resek testified that he then saw Defendant in the process of stepping on Adams's feet. Resek stated that the officers took Defendant down to the floor after which Defendant wrapped his legs around Resek's waist. Resek explained that Adams struck Defendant to try to create space between them. Resek then grabbed Defendant's wrist and turned him over in an attempt to restrain him. In the process, Resek stated, Defendant grabbed Adams's thumb in an attempt to break it and would not let go. Eventually, Resek explained, Usinksi arrived and subdued Defendant with the taser.
 {¶ 11} Deputy Adams was employed by the Summit County Sheriffs Department and was working at the Summit County Jail on September 8, 2006. Adams testified that he and Resek were dispatched to bring Defendant to a meeting with the mental health department inside the jail on September 8, 2006. Adams indicated that he handcuffed Defendant and as he began to move him *Page 6 
down the hallway, Defendant broke away from them and ran towards a mailbox at the other end of the pod to mail a letter. Adams indicated that he retrieved Defendant and again started walking him down the hallway during which Defendant repeatedly made comments, tried to kiss him, and eventually stomped on Adams's foot. Adams testified that he pulled Defendant down to the ground, warned him against such future behavior, and then tried to pick him up. Adams explained that Defendant then "pivot[ed] on his back using his legs like a crab * * * wraps his legs around my waist and pulls me towards him." Adams stated that he stuck his arm into Defendant's chest to push him away and then struck Defendant because he thought Defendant was trying to head-butt him. Adams noted that Resek then stepped in and rolled Defendant on his stomach while Adams knelt next to Defendant holding him by his wrists. Adams explained that as he was trying to restrain Defendant by his wrists, Defendant grabbed his index finger and thumb and tried to bend them backwards. When Defendant would not let go of his fingers, Adams stated, Usinski used the taser on Defendant. Adams indicated that Defendant then grabbed another officer's fingers in much the same manner, for which he was tased again. Adams finally testified that as the officers walked Defendant back to his cell, Defendant tried to bite another deputy. Adams acknowledged that Defendant was later taken to the hospital for treatment. Adams stated that he did not seek medical treatment. *Page 7 
 {¶ 12} Defendant testified that Adams grabbed him as he was trying to mail a letter and that he did not resist Adams. Defendant testified that he swore at Adams in response to comments Adam made to him, and used his legs to try to defend himself and get Adams off of him, but that he never tried to bite, head-butt, kiss, or step on the foot of Adams or any other deputy. Defendant explained that Adams just beat him like "a bongo drum," threw a book at him, kicked his face, jumped on his back and shoulders when he was lying face down, and tried to break his left thumb and right pinky. Defendant explained that Resek tried to pull Adams off of him and eventually tased him at Adams's instruction. Defendant indicated that he had two taser burn marks and trauma to his eye from the encounter for which he was treated at the hospital.
 {¶ 13} Based on our review of the entire record, we conclude that Defendant's criticisms of the State's evidence in this case are inadequate to prove that the jury lost its way and created a manifest miscarriage of justice. Otten, 33 Ohio App.3d at 340. Rather, we find it reasonable that the jury believed the State's version of the events, disbelieved the defense and convicted Defendant accordingly. "The mere fact that the jury chose to believe the testimony of the prosecution's witnesses does not render a verdict against the manifest weight."State v. Wright, 9th Dist. No. 03CA0057-M, 2004-Ohio-603, at ¶ 17, citing State v. Moore, 9th Dist. No. 03CA0019, 2003-Ohio-6817, at ¶ 18
and State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757, at 4. We conclude that the *Page 8 
conviction was not against the manifest weight of the evidence and, consequently, is also based on sufficient evidence. The trial court properly denied Defendant's Crim.R. 29 motion.
 {¶ 14} Defendant's first and second assignments of error are overruled.
 Assignment of Error No. 3 "The trial court erred in sentencing [Defendant] to a non-minimum prison term for felonious assault and assault in violation of the United States Constitution and his rights under the Ohio Constitution."
 {¶ 15} In his last assignment of error, Defendant asserts that his sentence for both the felonious assault and assault conviction was unconstitutional pursuant State v. Foster (2006), 109 Ohio St.3d 1,2006-Ohio-856. We do not reach the merits of Defendant's argument, however, because Defendant failed to raise this objection before the trial court. We have held that any appellant who is sentenced afterBlakely v. Washington (2004), 542 U.S. 296, "waives the constitutional challenge to his sentence if he does not preserve the argument at the trial court level." State v. Stephens, 9th Dist. No. Nos. 06CA009044, 06CA009045, 06CA009046, 2007-Ohio-4102, at ¶ 13. In State v.Williams, 9th Dist. No. 05CA008804, 2006-Ohio-34210, we stated:
 "[T]he Ohio Supreme Court addressed Ohio sentencing guidelines in Foster. The Court also addressed the guidelines in State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855. This Court interpreted and applied Foster and Mathis in State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309. In Dudukovich, we found that while pursuant to Foster portions of Ohio's sentencing guidelines were *Page 9 
unconstitutional, Dudukovich did not properly preserve his constitutional challenge for appeal. Dudukovich at ¶ 21. We held that an appellant, if sentenced after Blakely * * * waives constitutional challenge to his sentence if he does not preserve the argument in the trial court. Id. at ¶¶ 22 and 24. This Court questioned `whether [the] Defendant raised a specific challenge to the constitutionality of Ohio's sentencing statutes in the trial court.' Id. at ¶ 24. We found that `[a]s Defendant failed to raise any objection below, let alone an objection specifically raising a constitutional challenge, he is precluded from raising such an argument for the first time on appeal.' Id." Williams at ¶ 34.
 {¶ 16} Defendant was sentenced on April 6, 2007, well afterBlakely was decided. Defendant did not raise a constitutional objection at the time of sentencing. Pursuant to this court's holding inDudukovich, Defendant is precluded from raising this argument for the first time on appeal. Stephens at ¶ 12. Defendant's third assignment of error is overruled.
 {¶ 17} Each of Defendant's assignments of error is overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into *Page 10 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 WHITMORE, J., MOORE, P. J., CONCUR *Page 1